OPINION
AMBRO, Circuit Judge.
Victor Berrios appeals the sentence imposed on him by the District Court after he pled guilty to two counts of possession of a firearm while convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Berrios claims that the Court erred in (1) sentencing him pursuant to the enhancements mandated by the Armed *630 Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and (2) relying on certified copies of charging documents to determine the nature of his prior convictions for purposes of the ACCA’s enhancements for those with three or more prior convictions for serious drug offenses and/or violent felonies. We affirm the Court’s use of certified copies of charging documents and the resulting enhanced sentence.
I.
Berrios’ felon-in-possession counts stem from separate incidents, one on September 13, 2006, and the other on January 18, 2007. We briefly discuss the facts of each incident as well as the disposition in the District Court.
A.
On September 13, 2006, two Philadelphia police officers stopped Berrios after observing his vehicle swerve and nearly strike several cars parked on North Front Street in Philadelphia. Berrios was found to be in possession of a black handgun with wood grips, later determined to be a loaded .38-caliber revolver. A search of the vehicle resulted in the discovery of another weapon, a loaded .40-caliber semiautomatic pistol. The result was Berrios’s arrest.
B.
On January 18, 2007, FBI agents and Philadelphia police prepared to execute an arrest warrant at Berrios’s house on the 500 block of East Godfrey Avenue in Philadelphia. The warrant was related to the September 13, 2006, incident. After Berr-ios was arrested, FBI agents asked him for consent to search his home. He agreed and signed a consent form. Berr-ios was asked whether he had anything dangerous in the house that could injure the officers as they searched, and he directed agents to the location of two handguns hidden in a cabinet above a bathroom door on the first floor. Officers recovered a loaded .38-caliber revolver, an unloaded .40-caliber semi-automatic handgun, and a magazine loaded with seven rounds of .40-caliber ammunition.
C.
An indictment was filed charging Berr-ios with the single count of possession of a firearm while convicted of a felony. This indictment referred to the September 13, 2006, incident. A two-count superseding indictment subsequently was filed to account for the two additional weapons recovered during the January 18, 2007, arrest.
Berrios entered a conditional plea of guilty to the superseding indictment whereby he preserved the right to challenge the Government’s contention that he qualified under the ACCA. After accepting his guilty plea, the Court sentenced Berrios to 188 months’ incarceration. The sentence, which ordinarily has a 10-year maximum, was enhanced to a 15-year mandatory minimum and a Guideline range of 188-235 months under the ACCA’s terms. The Government produced certified copies of Berrios’s five pri- or convictions and charging documents for felony'drug offenses. See J.A. 8-11, 12-15, 16-19, 20-23 & 24-27. Each certified set of documents included the criminal complaint, the bill of information, and the record of conviction and sentence signed by the court. He now appeals the constitutionality of the enhanced sentence and the use of the charging documents in sentencing.
II.
The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. To the extent Berrios contends that his sentence was imposed in violation of law, we have *631 jurisdiction under 18 U.S.C. § 3742. Because he raises purely legal issues of statutory and constitutional interpretation, our review is plenary. See, e.g., United States v. Singletary, 268 F.3d 196, 199 (3d Cir.2001).
III.
Berrios’s first claim is similar to one we discussed at length in United States v. Coleman, 451 F.3d 154 (3d Cir.2006). For similar reasons, we reject that claim. His second claim is directly addressed by Supreme Court precedent in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Accordingly, we reject that claim as well.
A.
The ACCA mandates a minimum sentence of 15 years’ imprisonment if a person who violates 18 U.S.C. § 922(g) has three previous convictions for a serious drug offense. 18 U.S.C. § 924(e). The definition of “serious drug offense” relevant to this case is defined as “an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law.” 18 U.S.C. § 924(e)(2)(h).
The District Court did not err when it applied the ACCA to sentence Berrios. He argues that the prior convictions underlying the enhanced sentence were not admitted at his guilty plea hearing nor proved to a jury beyond a reasonable doubt, violating the Sixth Amendment. This contention is incorrect. The holding of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the continuing existence as precedent we recognized in Coleman, held that prior convictions that increase the statutory maximum for an offense are not elements of the offense and thus may be determined by the District Court by a preponderance of the evidence. Coleman, 451 F.3d at 159.
While Berrios contends that the Supreme Court’s holding in Almendarez-Torres has “become largely irrelevant given [the] more recent body of [F]ifth and [S]ixth amendment jurisprudence” (Appellant’s Br. 9), specifically referring to the decision in Shepard, we have previously held the contrary. In Coleman, we examined in detail the effect of the then-recent Supreme Court decision of Shepard and concluded that “Shepard did not affect the continuing vitality of Almendarez-Torres.” Coleman, 451 F.3d at 161.
In this case, the District Court found the requirements of the ACCA to be met by Berrios’s five prior “serious drug offenses,” discussed in more detail below, and the Court sentenced him in accord with the enhanced statutory minimum of 15 years’ incarceration.
B.
The District Court did not err when it relied on certified copies of charging documents to determine the nature of Berrios’s prior convictions because those documents comport with the reliability requirements of Shepard. The documents offered by the Government to the District Court consisted of five certified copies of the records of conviction for Berrios’s pri- or convictions. Each copy consists of: (1) a certification that it is a true and correct copy of the record as full, entire, and complete as the copy in the clerk’s office; (2) the record of conviction and sentence signed by the convicting court; (3) the Bill of Information from the Office of the District Attorney, filed in Court, charging Berrios with the drug offenses; and (4) the criminal complaint, filed in Court, in which Berrios is accused of committing the drug offenses in a sworn statement.
*632 These documents are the types of documents that Shepard explicitly allowed to be considered under the ACCA. While Shepard did not allow the use of documents that predated charges, such as police reports submitted to a local court as grounds for issuing a complaint, it did allow the use of “conclusive records made or used in adjudicating guilt.” Shepard, 544 U.S. at 21, 125 S.Ct. 1254. District Courts may inquire as to “the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.” Id. at 26, 125 S.Ct. 1254.
In this case, Berrios objects to the Distinct Court’s use of the Bills of Information that were filed in local court to charge him with the predicate drug offenses to enhance his sentence under the ACCA. He asserts that these documents fall short of the Shepard standard of “some comparable judicial record.” Id. However, it is clear from the face of the Bills of Information that these are the sort of “charging document[s]” that Shepard allows District Courts to consult for sentencing under the ACCA. The Bills charge Berrios with various drug offenses, specifically identifying both the conduct and the drug. Berrios’s criminal history as outlined in these charging documents includes convictions for the knowing and intentional possession with intent to deliver: (1) cocaine in May 1989; (2) cocaine in November 1989; (3) heroin in February 1990; (4) cocaine in November 1992; (5) and heroin in April 1993. See J.A. 10, 14, 18, 26 & 22. These Bills were filed in the Common Pleas Court of the County of Philadelphia, and they are “charging documents” within the scope of Shepard.
Accordingly, Berrios’s contention that the Bills of Information are insufficient and unconstitutional bases for the District Court’s enhancement under the ACCA, because they do not meet the reliability requirements of Shepard, is not correct.
í[: íj; :¡í $ ;¡: íjf
We hold that the District Court’s sentence enhancements pursuant to the ACCA were constitutional under our precedents. Furthermore, its use of charging documents was constitutional and comported with the protections enunciated in Shepard. We thus affirm the judgment of the District Court.